UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-4274-DMG (RAOx)** | Date | June 15, 2021 |
|---|---|---|---|

| Title | ***Landec Corporation v. Certain Underwriters at Lloyd's London, Syndicate No. 2003 XLC and Syndicate No. 0033 HIS, Subscribing to Policy No. B0595XR5938019*** | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On May 21, 2021, Plaintiff Landec Corporation filed a Complaint against Defendants Certain Underwriters at Lloyd's London ("Lloyd's"), Syndicate No. 2003 XLC and Syndicate No. 0033 HIS, Subscribing to Policy No. B0595XR5938019, asserting claims for breach of contract, breach of implied covenant of good faith and fair dealing, and violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* [Doc. # 1.]

Plaintiff asserts subject matter jurisdiction based on the existence of complete diversity, 28 U.S.C. § 1332, but the Complaint fails to adequately plead complete diversity between the parties, namely, that Defendants are citizens of a different state than Plaintiff. *Diaz v. Davis*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806)); *see* Compl. at ¶¶ 7-10. Plaintiff acknowledges that Lloyd's is an unincorporated association and/or limited partnership organized under the laws of Great Britain, but asserts that it does not allege the citizenship of any of its partners or members. *See Johnson v. Columbia Props. Advantage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("a partnership is a citizen of all of the states of which its partners are citizens"). Other courts examining Lloyd's unique structure have concluded that each member, or "Name," of a larger group known as a "Syndicate"—such as Defendants Syndicate No. 2003 XLC and Syndicate No. 0033 HIS—must be diverse from Plaintiff to satisfy diversity jurisdiction. *See Majestic Ins. Co. v. Allianz Int'l Ins. Co.*, 133 F. Supp. 2d 1218, 1223 (N.D. Cal. 2001); *see also PHL Variable Ins. Co. v. Cont'l Cas. Co.*, No. CV 19-06799-CRB, 2020 WL 1288454, at *3 (N.D. Cal. Mar. 18, 2020) (collecting cases). Without more detailed allegations regarding the citizenship of each Syndicate's Names, the Court cannot determine whether complete diversity exists.

| Case No. | **CV 21-4274-DMG (RAOx)** | Date | June 15, 2021 |
|---|---|---|---|

| Title | ***Landec Corporation v. Certain Underwriters at Lloyd's London, Syndicate No. 2003 XLC and Syndicate No. 0033 HIS, Subscribing to Policy No. B0595XR5938019*** | Page | 2 of 2 |
|---|---|---|---|

      In light of the foregoing, Plaintiff is **ORDERED TO SHOW CAUSE** in writing by no later than **June 29, 2021** why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**