UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**JS-6**

| | | | |
|---|---|---|---|
| Case No. | **CV 21-4274-DMG (RAOx)** | Date | December 28, 2021 |
| Title | ***Landec Corporation v. Certain Underwriters at Lloyds, London*** | Page | 1 of 6 |

Present: The Honorable DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| KANE TIEN | NOT REPORTED |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANT'S MOTION TO DISMISS [34]**

On July 30, 2021, Plaintiff Landec Corporation ("Landec") filed a First Amended Complaint ("FAC") against Defendant Certain Underwriters at Lloyds, London ("Underwriters"). [Doc. # 30.] On August 12, 2021, Underwriters filed the instant motion to dismiss ("MTD") for *forum non conveniens* on the ground that a forum selection clause in an agreement between the Parties mandates that this dispute be litigated in New York. [Doc. # 34.] The motion is fully briefed. [Doc. # 36-37.] For the following reasons, the Court **GRANTS** the MTD.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

In its FAC, Landec alleges that it purchased an insurance policy (the "Policy") from Underwriters and that Underwriters has refused to honor the Policy. FAC at ¶ 1.

Under "RISK DETAILS" in the Policy, there is a section with the heading, "CHOICE OF LAW & JURISDICTION." The first sentence of this section states, "This insurance shall be governed by and construed in accordance with the law of New York" (the "Choice of Law Clause"). The second sentence of this section states, "Jurisdiction – must be a court of competent jurisdiction within New York" (the "Forum Selection Clause"). FAC, Ex. 1 (Policy) at 4 [Doc. # 30-1].[1]

The Policy also includes a page with the heading "SERVICE OF SUIT CLAUSE (U.S.A.)." The second paragraph under the heading begins with the sentence, "It is agreed that in the event of the failure of the Underwriters hereon to pay any amount claimed to be due

[1] All page number references herein are to page numbers inserted by the CM/ECF system.

hereunder, the Underwriters hereon, at the request of the Insured (or Reinsured), will submit to the jurisdiction of a Court of competent jurisdiction within the United States." *Id.* at 15.

Under "General Conditions Applicable To All Sections Of The Policy," there is a section P, "Choice of Law and Jurisdiction." This section states, in part: "the Insured and Insurer irrevocably consent to the jurisdiction as stated in the Schedule, agree that any action relating to any dispute under this Policy shall only be brought in said courts, consent to the exercise of *in personam* jurisdiction by said courts over it, and further agree that any action to enforce a judgement [sic] of the said courts may be instituted in any jurisdiction." *Id.* at 38.

Landec and Underwriters are currently engaged in litigation involving this Policy in three fora: New York state court, California state court, and this Court. *See* Underwriters' Request for Judicial Notice, Exs. A [Doc. # 34-4], B [Doc. # 34-5], C [Doc. # 34-6].[2] On September 21, 2021—after the MTD was fully briefed—the New York state court denied Landec's motion to stay that case in deference to the "first filed" California actions. [Doc. # 39-1.]

## II.
## LEGAL STANDARD

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013). Generally, "[a] party moving to dismiss based on *forum non conveniens* bears the burden of showing (1) that there is an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002). "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atl. Marine*, 571 U.S. at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp*., 487 U.S. 22, 31 (1988)). In such cases, the plaintiff's choice of forum merits no weight, and "as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* Additionally, the parties' private interests shall not be considered. *Id.* at 63.

[2] The Court **GRANTS** Underwriters' Request for Judicial Notice [Doc. # 34-3], which pertains to documents filed in New York and California state courts. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (state and federal court filings are subject to judicial notice).

**III.**
**DISCUSSION**

The Court must first determine whether the Forum Selection Clause is contractually valid, then embark on the appropriate *forum non conveniens* analysis. *See id.* at 62 n. 5.

**A. Validity of the Forum Selection Clause**

Landec argues that the Forum Selection Clause is invalid because it conflicts with and is overridden by the Service of Suit Clause. Though the Forum Selection Clause states that jurisdiction "must be a court of competent jurisdiction within New York," the Service of Suit Clause states that Underwriters "will submit to the jurisdiction of a Court of competent jurisdiction within the United States." According to Landec, the two clauses conflict, and the broader language in the Service of Suit Clause endorsement supersedes the narrower language in the Forum Selection Clause.

The perceived conflict between materially identical forum selection and service of suit clauses in a policy issued by Underwriters has already been litigated in *Dornoch Ltd. ex rel. Underwriting Members of Lloyd's Syndicate 1209 v. PBM Holdings, Inc.*, 666 F. Supp. 2d 366 (S.D.N.Y. 2009). The *Dornoch* court explained:

> [I]t is well-settled that a service of suit clause (unlike a mandatory forum selection clause) generally provides no more than a consent to jurisdiction. It does not bind the parties to litigate in a particular forum, or give the insured the exclusive right to choose a forum unrelated to the dispute. In fact, the Service of Suit Clause at issue here contains common language frequently used by Lloyd's of London in order to assure potential policyholders that Lloyd's and its underwriters would be amenable to service of process in the United States.
>
> Thus, because the Service of Suit Clause is not a choice of forum provision, and does not prescribe the forum for the action, but instead entails no more than Lloyd's voluntary submission to the jurisdiction of the United States, there is no conflict between that provision and the Policy's mandatory forum selection clause. To the contrary, the clauses are perfectly complementary: the Service of Suit Clause merely ensures that Underwriters are subject to suit in the United States, and the Forum Selection Clause, in turn, designates the forum in which any disputes between the parties are to be litigated, namely, the state and federal courts of New York.

*Id.* at 370 (internal quotations, alterations, and citations omitted).

The Court agrees with this reasoning. The *Dornoch* court's analysis follows a "cardinal principle of contract construction: that a document should be read to give effect to all its provisions and to render them consistent with each other." *Mastrobuono v. Shearson Lehman Hutton, Inc*., 514 U.S. 52, 63 (1995). While the Service of Suit Clause assures that Underwriters will submit to "a court" (but not *any* court) of competent jurisdiction in the United States, the Forum Selection Clause provides the specific forum where a dispute "must" be litigated. In other words, the Service of Suit Clause consents to personal jurisdiction in the United States (which is significant for a foreign entity), whereas the Forum Selection Clause specifies the particular forum for litigation. While the two clauses *could* be read to conflict, when another interpretation exists that would harmonize the two, the Court should apply the latter. *See id.*; *see also Flores v. Barr*, 934 F. 3d 910, 915 (9th Cir. 2019) ("Courts interpreting the language of contracts should give effect to every provision, and an interpretation which renders part of the instrument to be surplusage should be avoided.").

Landec does not distinguish *Dornoch*, but urges the Court instead to follow *Tri-Union Seafoods, LLC v. Starr Surplus Lines Ins. Co.*, 88 F. Supp. 3d 1156 (S.D. Cal. 2015). There, the policy included analogous language in a forum selection clause and a service of suit clause, but with a key difference: the service of suit clause also stated, "This endorsement modifies the insurance coverage form(s) that have been purchased by you and evidenced as such on the Declarations page." *Id.* at 1162. The *Tri-Union* court therefore held that "it is clear from its plain language that the Service of Suit Endorsement modifies the Policy to permit Plaintiff to choose a forum to file suit." *Id.* at 1164; *see also Rembrandt Enterprises, Inc. v. Illinois Union Ins. Co*., 129 F. Supp. 3d 782, 786 (D. Minn. 2015) (where service of suit endorsement stated "THIS ENDORSEMENT CHANGES THE POLICY," it should be read to modify the policy and supplant the forum selection clause).

Unlike the policy in *Tri-Union*, there is no language in the Policy here stating that the Service of Suit Clause modifies the Forum Selection Clause. *See Dornoch*, 666 F. Supp. 2d at 370 ("[S]ince the endorsement containing the Service of Suit Clause does not include any language purporting to overrule or modify the Forum Selection Clause, the two clauses should not be read as inconsistent but as complimentary [sic]."); *see also Connor Group. v. Certain Underwriters at Lloyds, London*, No. 3:17-CV-00246-TMR, 2018 WL 2937443, at *3 (S.D. Ohio June 12, 2018) (in case involving materially identical policy, distinguishing *Tri-Union* because of a lack of "similar qualifying language preceding the service of suit clause" and

following *Dornoch*).[3] The Service of Suit Clause is also not labeled an "endorsement," and there is nothing to otherwise indicate it was added as a later point in time to modify the Forum Selection Clause.[4]

Accordingly, the Forum Selection Clause is valid and governs the Policy.

**B. Enforceability of the Forum Selection Clause**

The Supreme Court and the Ninth Circuit have identified three grounds for setting aside an otherwise contractually valid forum selection clause: (1) if the agreement to the clause was the result of fraud or overreaching, (2) if enforcement of the clause would effectively deprive the party wishing to repudiate the clause of their day in court, and (3) if enforcement would contravene public policy of the forum in which the suit is brought. *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998) (citing *M/S Bremen*, 407 U.S. at 12-13, 15, 18).

Landec does not argue that the Forum Selection Clause was a product of fraud or overreaching or that it would deprive it of its day in court. The only public policy of California that Landec claims would be contravened is the tort remedy for an insurer's breach of the implied covenant of good faith and fair dealing, which is available in California but not in New York. But "unless a plaintiff can demonstrate that her remedy is altogether foreclosed and unavailable in the transferee court, courts do not consider policy arguments unrelated to venue." *T & M Solar & Air Conditioning, Inc. v. Lennox Int'l Inc.*, 83 F. Supp. 3d 855, 868 (N.D. Cal. 2015). New York would not foreclose Landec's remedy altogether, only one tort remedy, which is not related to venue. The Forum Selection Clause therefore must be enforced.

---

[3] *Tri-Union* did not mention *Dornoch*, despite being decided later in time. *Rembrandt* distinguished *Dornoch* on the ground that—unlike in that case—*Dornoch* "contained no language purporting to overrule or modify the forum-selection clause." 129 F. Supp. 3d at 786 n.4. This case is like *Dornoch*, not *Rembrandt*, in that respect.

[4] To the contrary, it appears as if the "RISK DETAILS" section that contains the Forum Selection Clause was specially prepared for Landec, whereas the Service of Suit Clause is an attached preprinted form. Therefore, if the two provisions do irreconcilably conflict, then the Forum Selection Clause would control. *See* 11 Williston on Contracts § 32:13 (4th ed.) ("When . . . the printed contract provisions irreconcilably conflict with the provisions added by the parties, the added provisions will control.").

## IV. CONCLUSION

In light of the foregoing, Underwriters's MTD is **GRANTED**. The Court **DISMISSES** this action without prejudice.

**IT IS SO ORDERED**.